# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**TASHAWN THORNE,**

      **Plaintiff,**

v.                                                          Civil Action No. 1:17-cv-202
                                                                               (JUDGE KEELEY)

**PROGRESSIVE INSURANCE COMPANY**
**AND JOHN DOE,**

      **Defendants.**

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO AMEND, ADD, OR CORRECT [ECF NO. 21] BE DENIED AND THAT THE MATTER BE DISMISSED WITHOUT PREJUDICE

This matter is before the undersigned pursuant to a referral order [ECF No. 22] entered by Honorable United States District Judge Irene M. Keeley on July 20, 2020. On July 20, 2020, *pro se* Plaintiff Tashawn Thorne filed a motion styled "Motion to Amend Add and or Correct" [ECF No. 21] his Complaint [ECF No. 1]. For the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's motion [ECF No. 21] be denied and that the matter be **DISMISSED without prejudice**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Tashawn Thorne, proceeding *pro se*, who currently is incarcerated at USP Thomson in Thomson, Illinois, initiated this action by filing a Complaint [ECF No. 1] on November 29, 2017 in this Court naming as Defendants Progressive Insurance Company and John Doe. In his Complaint, Plaintiff alleges that he suffered injuries on March 16, 2017 after the vehicle in which he was a passenger was struck by a driver, Defendant John Doe. Plaintiff alleges that he suffers back and neck pain and severe headaches as a result. Plaintiff alleges that Defendant Progressive Insurance Company provided some sort of coverage as to Defendant John Doe's

vehicle. It appears to the undersigned that Plaintiff alleges this incident occurred in Monongalia County, West Virginia. It also appears that the Plaintiff was an inmate at FCI Hazelton at the time of the incident and was being transported for a medical appointment. Plaintiff seeks damages in the amount of $100,000.00.

Thereafter, on November 29, 2017, Honorable United States District Judge Irene M. Keeley referred this matter to the undersigned [ECF No. 4]. Plaintiff then filed a supplement [ECF No. 9] to his Complaint [ECF No. 1] providing a motor vehicle accident report [ECF 9-1]. This copy of the motor vehicle accident report is a version with pertinent information redacted such that Defendant John Doe's name and address are not discernable and Defendant Progressive Insurance Company's address is not discernable. The undersigned then entered an Order Directing Plaintiff to Supplement by Providing Full Name and Addresses for Defendants [ECF No. 10] identifying these deficiencies in the version of the motor vehicle accident report provided by Plaintiff and ordering Plaintiff to provide this information. In this order, the undersigned indicated that Plaintiff's failure to provide the necessary information could result in the dismissal of the matter without prejudice. Plaintiff then filed a statement indicating that he was unable to acquire this information [ECF No. 16]. Plaintiff later filed a statement indicating that he would like to have the case dismissed without prejudice. [ECF No. 18]. On March 28, 2018, the undersigned entered an Order Granting Plaintiff's Pro Se Motion for Voluntary Dismissal [ECF No. 19].

Thereafter, nothing was filed with the Court until over two years later, when on July 20, 2020, Plaintiff filed his "Motion to Amend Add and or Correct" [ECF No. 21]. Plaintiff further requested that the Clerk send him a federal tort claim packet "so I can amend the above referenced case" [ECF 21-1].

## II.     REVIEW AND RECOMMENDATION

Upon review of the record in this matter, the undersigned believes that the aforementioned Order Granting Plaintiff's Pro Se Motion for Voluntary Dismissal [ECF No. 19] may have been in error and should have taken the form of a Report and Recommendation. Thus, it appears that a more proper procedure is denial of Plaintiff's "Motion to Amend Add and or Correct" his Complaint [ECF No. 21] and dismissal of the instant action by the Court without prejudice, and allowing Plaintiff the opportunity to file his re-file his action as a new case. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion [ECF No. 21] be **DENIED** and the matter **DISMISSED without prejudice.** Further, the undersigned **RECOMMENDS** that the District Court direct the Clerk of the Court to provide Plaintiff with a pro se packet (as requested by Plaintiff in [ECF 21-1]) to allow him to re-file his action as a newly-docketed matter.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: July 23, 2020

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE